**In re Patricia Ann YARNS, Debtor.**

**Donald SCHULTZ, Plaintiff,**

v.

**Patricia Ann YARNS, Defendant.**

**Bankruptcy No. 81 B 14086.
Adv. No. 81 A 4017.**

United States Bankruptcy Court,
N. D. Illinois, E. D.

Sept. 20, 1982.

Donald Schultz, Chicago, Ill., for plaintiff.

Norman L. Sider, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

EDWARD B. TOLES, Bankruptcy Judge.

This matter coming on to be heard upon the complaint to determine dischargeability of DONALD SCHULTZ, Guardian Ad Litem for minor children, Attorney at Law (Schultz), pursuant to Section 523(a)(5) of the Bankruptcy Code, and the answer thereto of the Debtor, PATRICIA ANN YARNS (Defendant), represented by NORMAN SIDER, Attorney at Law, and

The Court having examined the pleadings filed in this matter, having heard the arguments of counsel and the Court being fully advised in the premises;

The Court Finds:

1. On June 23, 1981, a judgment was entered in the Circuit Court of Cook County, Illinois, against the Defendant and in favor of Plaintiff. Said judgment arose from a dissolution of marriage proceeding of AARONE YARNS and PATRICIA A. YARNS pending in the Circuit Court of Cook County, Illinois, Case Number 79 D 18827. Plaintiff was appointed as a *guardian ad litem* to represent the interests of the minor child in the divorce proceeding. The Judgment entered by the Circuit Court of Cook County, Illinois, dated June 23, 1981, provided in relevant part as follows:

That petitioner, AARONE YARNS, shall pay DONALD SCHULTZ, Guardian Ad Litem for the minor child, the sum of $1,000.00 as and for attorneys fees and respondent, PATRICIA A. YARNS, shall pay $500.00 to DONALD SCHULTZ, said sums to be paid by both parties within ninety days of March 20, 1981.

2. On November 12, 1981, Defendant filed a voluntary petition in bankruptcy under Chapter 7 of the Bankruptcy Code and scheduled the debt to Plaintiff as follows:

Donald Schultz       7/81 Service $500.00
100 N. LaSalle Street
Chicago, Illinois

On December 9, 1981, Plaintiff filed the instant complaint to determine dischargeability, and on January 27, 1982, Defendant filed an answer. On December 24, 1981, an order of discharge was entered, and the case was closed by the Clerk of the Bankruptcy Court on June 30, 1982.

The Court Concludes and Further Finds:

1. Pursuant to Section 523(a)(5) debts for support are nondischargeable as follows:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

.     .     .     .     .

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of both spouse or child, in connection with a separation agreement, divorce, decree or property settlement agreement . . .

Whether a provision for the payment of debts embodied in a divorce decree, including attorneys fees, constitutes support is determined by whether the payment is in the nature of support. *In re Pelikant,* 5 B.R. 404 (Bkrtcy.N.D.Ill.1980); *In re Woods,* 561 F.2d 27 (7th Cir. 1977); *In re Coil,* 680 F.2d 1190 (7th Cir. 1982). While federal law is controlling on this question, a bankruptcy court may look to state law, its rules, definitions and requirements, to determine whether the obligation embodied in the decree is in the nature of support. *Woods, supra* at 29–30; *Pelikant, supra* at 407.

2. The obligation of Defendant arises from Illinois Revised Statutes, Chapter 40, Secs. 505 and 506. Under Section 505 the Circuit Court has the authority to order either or both parents to support the child, and Section 505 provides standards for determining the amount and source of support. Section 506 provides for the appointment of an attorney to represent the interests of children in divorce proceedings and authorizes the payment of attorney's fees to be assessed against either or both parents. In view of the purpose of the state law and appointment of the Guardian ad Litem in the instant case, it must be concluded the attorney's fees are nondischargeable.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the complaint of the Plaintiff, DONALD SCHULTZ, made pursuant to Section 523 of the Bankruptcy Code to determine the dischargeability of debt claimed to be nondischargeable pursuant to Clause 5 of Section 523(a) of the Bankruptcy Code, be, and the same is hereby allowed to the extent of the sum of $500.00.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Plaintiff, DONALD SCHULTZ, recover from the Defendant, PATRICIA ANN YARNS, the sum of $500.00.

Dated: