**In re William Robert LINN, Debtor.**

**Jay-Allen EISEN, Harold Bavorman, M.D., Winters & Karabinus, Plaintiffs and Appellees,**

v.

**William Robert LINN, Defendant and Appellant.**

**BAP No. EC–82–1383AbEAs.
Bankruptcy No. 281–04313.
Adv. No. 282–0209.**

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued Nov. 18, 1983.

Decided April 30, 1984.

Stephen C. Green, Green, Green & Green, Sacramento, Cal., for defendant-appellant.

Michael S. McManus, Felderstein, Rosenberg & McManus, Sacramento, Cal., for plaintiffs-appellees.

Before ABRAHAMS, ELLIOTT and ASHLAND, Bankruptcy Judges.

OPINION

ABRAHAMS, Bankruptcy Judge.

The debtor appeals from a summary judgment excepting from discharge his liability to a court appointed attorney and psychiatrist for his minor child. We hold that these obligations cannot be excepted from discharge and reverse.

The facts are not disputed. During custody litigation between the debtor and his former wife, the state court appointed both an attorney and a psychiatrist for the debtor's son. Only the debtor was to be liable for their fees.

After the debtor filed bankruptcy, the doctor and the lawyer sued to except their claims from discharge under section 523(a)(5). On motion for summary judgment, the trial court held that the services were in the nature of support and granted the plaintiff a summary judgment.

Section 523(a)(5) excepts from a bankruptcy discharge "any *debt* .., *to* a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child .... " (Emphasis added.) The obligation here was for support. The case turns on whether it was a "debt to" the child or former spouse.

Under a literal application of § 523(a)(5), to be nondischargeable a debt must be owed specifically to the "spouse, former spouse, or child." The cases have created an exception to this requirement where the debt is owed to the attorney who represented the debtor's spouse. *In re Spong*, 661 F.2d 6 (2d Cir.1981), *Matter of Gwinn*, 20 B.R. 233 (9th Cir.Bkrtcy.App.1982); *see, also, Matter of Jones*, 518 F.2d 678 (9th Cir.1975), which was decided under the former Bankruptcy Act. *Spong* followed the "established principle of bankruptcy law that dischargeability must be determined by the substance of the liability rather than its form. See, e.g., *Pepper v. Litton*, 308 U.S. 295, 306–06, 60 S.Ct. 238, 244–45, 84 L.Ed. 281 (1939); *Wetmore v. Markoe*, 196 U.S. 68, 72–77, 25 S.Ct. 172, 173–74, 49 L.Ed. 390 (1904)." 661 F.2d at 9–10.

The apparent concern of the *Spong* court was that the non-debtor spouse would have to pay her own attorney fees if the debtor's liability for them was discharged. The substance of the excepted liability was therefore a debt due the former spouse.

The concern that the non-debtor spouse would remain liable on the debts if the debtor were discharged was repeated in *In re French*, 9 B.R. 464 (Bkrtcy.S.D.Cal. 1981). In discussing the legislative history of § 523(a)(5) the court stated "[t]he continuing theme in the legislative history on this section is that a joint obligation to a third party 'assumed' by the debtor, in one way or another, is nondischargeable if it is in the nature of alimony or support and maintenance." 9 B.R. at 467.

At least one court has expressly stated that the debtor should not be discharged from the debt to his former wife's attorney because she would then be solely responsible for the debt. *In re Knabe*, 8 B.R. 53, 57 (Bkrtcy.S.D.Inc.1981). *See, also, In re Mullins*, 14 B.R. 771 (Bkrtcy.W.D.Okl. 1981) (obligation to pay mortgage on residence of children and former spouse.)

In the present case, it was the debtor alone who was ordered to pay the attorney and the psychiatrist. If these fees are not paid, the former wife and the child will not be liable.

Excluding these debts from discharge will not further the bankruptcy goal of a fresh start unburdened by old debts. *Wright v. Union Central Life Ins. Co.*, 304 U.S. 502, 58 S.Ct. 1025, 82 L.Ed. 1490 (1938). Nor will it protect spouses, former spouses and children from being injured by a debtor's discharge.

■ Exceptions to discharge must be plainly expressed, *Gleason v. Thaw*, 236 U.S. 558, 35 S.Ct. 287, 59 L.Ed. 717 (1915) and are strictly construed in favor of the debtor, *In re Houtman*, 568 F.2d 651 (9th Cir.1978).

■ Because there is no specific exception to discharge that covers the instant debts and no legislative history or purpose that supports extending the present exceptions, the debts are dischargeable. The summary judgment is reversed.