In re James Charles LANEY and Karen Sue Laney, Debtors.

**Linda HACK, Plaintiff,**

**v.**

**James Charles LANEY and Karen Sue Laney, Defendants.**

Bankruptcy No. 384–31361–F–7.
Adv. No. 384–3804.

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

Aug. 9, 1985.

Fred Eigl, Richardson, Tex., for defendants.

Gary Derer, Dallas, Tex., for plaintiff.

## MEMORANDUM OPINION

JOHN C. FORD, Bankruptcy Judge.

On September 7, 1984, Debtors filed their petition for relief under Chapter 7 of the

Bankruptcy Code. Prior to the filing of their petition, Debtors had been engaged in state court litigation concerning custody and support obligations with respect to two minors. In the course of said litigation the state court appointed Ms. Linda Hack, Plaintiff herein, the children's guardian ad litem pursuant to authority granted by the Texas Family Code. *See* TEX.FAM.CODE ANN. § 11.10(c) (Vernon Supp.1985); *Finn v. Finn*, 658 S.W.2d 735, 748 (Tex.App.—Dallas 1983, no writ); *Reames v. Reames*, 604 S.W.2d 335, 337–8 (Tex.Civ.App.—Dallas 1980, no writ). As a result of her representation of the children, Plaintiff was awarded attorney's fees. In Texas, such fees are obligations of the minor's parents unless they are indigent. TEX. FAM.CODE ANN. § 11.10(e) (Vernon Supp.1985); *Finn v. Finn, supra*, at 748; *Dawson v. Garcia*, 666 S.W.2d 254 (Tex. App.—Dallas 1984, no writ). After Debtors filed their petition for relief with this Court, and it became apparent that Debtors regarded the debt owed to Plaintiff as a dischargeable obligation, Plaintiff filed this adversary proceeding to determine dischargeability, contending that the services she performed were for the benefit of the children and that the debt was therefore in the nature of a support obligation as contemplated by Code section 523(a)(5).

■ Debtors contend that because the final order issued by the state court characterized Plaintiff's attorney's fees as costs of court, rather than as a support obligation, the debt is dischargeable. Debtors further assert that because the fees are payable directly to Plaintiff, rather than to the children, the debt does not come within the scope of Section 523(a)(5), and therefore the debt should be discharged. For reasons set forth below, this Court is of the opinion that the debt is in the nature of a support obligation, and should not be discharged.

Debtors have cited three authorities in support of their contentions. The first, *In*

*the Matter of Spong*, 3 B.R. 619 (Bkrtcy.W. D.N.Y.1980), concerned the attorney for the debtor's former spouse, and his claim for fees awarded in a pre-petition divorce action. The court discussed the evolution of the exceptions to discharge now found in Code section 523(a)(5), and determined that Congress had established a two-fold test for the dischargeability of an obligation alleged to be alimony, support, or maintenance. "The first test which the alimony, maintenance, or support must meet is that it must be payable to a spouse, former spouse, or child.... (t)he second test is that it must actually be of the nature of alimony, maintenance, or support." 3 B.R. at 622. The court found that the plaintiff-attorney had no standing to bring the action, and that because the debt was not owed to the child or spouse, the debt would not be excepted from discharge.

Were this the present state of the law, this Court might be persuaded to accept Debtors' argument. As this Court has discovered, however, *Spong* was reversed upon appeal to the Second Circuit. In *In re Spong*, 661 F.2d 6 (2d Cir.1981), the court agreed with the general consensus that counsel fees awarded in divorce actions could fairly be characterized as within the scope of alimony, maintenance, or support. Upon examination of the legislative history, in particular that portion which appears to exempt from discharge on the support obligations "owed directly to a spouse"[1], the court noted that "dischargeability must be determined by the substance of the liability rather than its form". 661 F.2d at 9. Looking to other portions of the legislative history, the court determined that Congress employed such language as a means of conveying that nondischargeable debts, once assigned to a third party, became dischargeable. This did not mean, however, that a third party beneficiary, such as the attorney for the debtor's former spouse, was to be left without recourse upon the filing of a petition

---

1. *See* H.R.Rep.No. 95–595, 95th Cong., 1st Sess. 364 (1977), reprinted in 1978 U.S.Code Cong. & Ad.News 5787, 6320.

for relief. In essence, the court found the debt to the spouse's attorney to be an obligation owing to the former spouse, and therefore enforceable by either the attorney or the former spouse. To hold otherwise, said the court, would be to exalt form over substance. 661 F.2d at 11. Similar principles apply in the case at bar. Under Texas law, virtually any decision with respect to the parent-child relationship is founded upon the court's evaluation of the child's best interest. Appointment of an attorney ad litem is not mandatory; thus, "when any action of this sort is taken by a court, the employment of counsel ... must have been in the best interest of the child; otherwise, the court would not have decided as it did." *Reames v. Reames, supra,* at 338. Plaintiff was appointed to protect the children's best interests in the litigation brought by Debtors. Her services were necessitated by Debtors and innured to the benefit of the children. Her fees can only be described as expenses incurred in support of the children. That the obligation is not payable directly to the children should not serve to preclude her from collecting compensation for her services. *See In re Wells,* 8 B.R. 189, 193 (Bkrtcy.N.D.Ill.1981) ("[P]ayments on account of an award of attorney's fees ... directly benefit the debtor's spouse in that they are payments which the debtor's spouse would otherwise have to make.") *Accord, In re Edwards,* 33 B.R. 942, 945 (Bkrtcy.N.D.Ga.1983); *In re Bell,* 5 B.R. 653, 655 (Bkrtcy.W.D.Okla. 1980).

■ Debtors also cite *In re Drumheller,* 13 B.R. 707 (Bkrtcy.W.D.Ky.1981) wherein the bankruptcy court held that fees awarded by a divorce court to counsel for the debtor's former spouse were dischargeable, as said fees were not made payable directly to the former spouse. Although not cited by Debtors, *In re Daiker,* 5 B.R. 348 (Bkrtcy.D.Minn.1980) applies a similarly literal reading of the legislative history.

Where parties characterize a debt as alimony, support, or maintenance, the court, under the Bankruptcy Reform Act, Section 523(a)(5), must first determine if the debt is payable directly *to the spouse;* if it is not, then it is dischargeable no matter how the parties characterize it.

5 B.R. at 351 (emphasis original). *See also Matter of Payne,* 13 B.R. 481 (Bkrtcy.D. Nev.1981). Debtors' most convincing authority is *In re Linn,* 38 B.R. 762 (Bkrtcy. App. 9th Cir.1984), as it bears the closest resemblance to the facts of the instant case. In *Linn,* the debtor and his former wife had engaged in litigation concerning the custody of their child. A state court judge appointed a psychiatrist and an attorney ad litem for the minor. Following the debtor's petition for relief, the bankruptcy court held that fees awarded the psychiatrist and the attorney ad litem were to be considered support obligations and were therefore excepted from discharge. The Appellate Panel reversed, and attempted to distinguish the Second Circuit's opinion in *Spong* by noting that if the debtor had not paid the attorney's fees, the former spouse would have been obligated to do so, whereas in *Linn* the failure by the debtor to pay the doctor and attorney ad litem would not adversely impact the child. On this rather tenuous distinction, the court felt justified in applying a literal reading and discharging the obligations. After extensive review of the cases, this Court concludes that the foregoing authorities constitute a distinct minority view. This Court feels the majority view, i.e., that fees awarded to counsel in domestic litigation should be recognized as alimony, maintenance, or support, and therefore excepted from discharge, is more consistent with the underlying purpose of the exceptions. It is clear that most cases dealing with the facts present here support this conclusion.

In *In re Yarns,* 23 B.R. 370 (Bkrtcy.N.D. Ill.1982), the debtor and his wife had become embroiled in a suit for divorce prior to the petition for relief. In connection with that litigation, the court appointed an attorney ad litem to protect the interests of the couple's minor child. Fees awarded to the attorney ad litem were taxed as costs against the debtor, with a right of reimbursement over the debtor's former

spouse. After the bankruptcy case was commenced, the attorney filed a complaint to determine dischargeability of his fee. The court began its analysis with the obligatory acknowledgement that federal law controls as to the dischargeability of debts, but that state law was an important factor for the bankruptcy court to consider. The court then discussed the Illinois statute under which the attorney ad litem had been appointed. As in Texas, courts in Illinois had the power to appoint an attorney ad litem if such appointment would protect the interests of the minor. Where an attorney ad litem was appointed, s/he was to be paid reasonable compensation as determined by the court. Without elaboration, the bankruptcy court found that the attorney's fees were nondischargeable. Similarly, in *In re Morris*, 14 B.R. 217 (Bkrtcy.D.Colo.1981), the court characterized fees awarded to an attorney ad litem, appointed to protect a child's interests in divorce proceedings, as an obligation in the nature of support for a minor child. Moreover, in response to the debtor's citation to the language of the legislative history regarding debts payable "to the child", the court held that a fee awarded to an attorney ad litem would be considered a nondischargeable obligation where the duty of payment was one which the child was owed as offspring of a debtor parent, as distinguished from a duty of payment owed to a payee creditor.

> Read in combination with definitions provided by 11 U.S.C. § 101, section 523(a)(5) requires only that the debtor owe a duty of payment "to" the child. 11 U.S.C. § 101(4) and (10). This language is ambiguous. The preposition "to" may modify either "payment" (as debtor contends), or "duty". The Code does not, therefore, expressly equate a right to payment with the right to receive payment. As a general matter, it is apparent that a duty or right is distinguishable from the manner of its discharge. Certainly one may owe a duty of payment to another and yet fulfill that duty through actual payment to a third party.... [a] right to payment is not synonymous with the right to receive

payment; an obligee need not in all cases be a payee. In principle, therefore, § 523(a)(5) may be said to include cases where the child's right to payment is a right only to payment of a third party.

14 B.R. at 219–20. While this Court recognizes that exception of this debt from discharge is, perhaps, an unanticipated consequence of these proceedings which may ultimately tarnish the luster of bankruptcy from the Debtors' perspective, this Court feels compelled to defer to the "congressional judgment that the need for enforcement obligations arising out of the family relationship and the stability generated thereby outweighs the general bankruptcy goal of fresh start." *In re Morris, supra,* at 220.

This Court is persuaded by the holding in *Matter of Coleman*, 37 B.R. 120 (Bkrtcy. W.D.Wis.1984) that the fees sought by Plaintiff in the case at bar should be excepted from discharge. In *Coleman*, the plaintiff was appointed attorney ad litem for the children of parents involved in divorce proceedings. Among the issues in controversy in the divorce court was a dispute as to the custody of the couple's minor child. The fees awarded to the attorney ad litem were taxed as costs to be paid equally by the child's parents. Predictably, the debtor spouse sought to include his share of the fees in the debts to be discharged. The court felt otherwise. Noting the statutory responsibility of the attorney ad litem to represent the best interests of the child, the court felt compelled to characterize those fees as support and therefore excepted from discharge. Citing *Morris* and *Yarns, supra,* the court recognized the great deference shown by Congress for the needs of the family, and the priority such needs should be given.

> The services of a guardian ad litem in the primary divorce proceeding, though extending beyond support to custody and visitation, are generally sufficiently connected to the core concern of the Code for protection of family obligations to except a reasonable fee for such services from discharge.... this court will pre-

sume that reasonable and customary guardian ad litem fees incurred in pursuance of the guardian's statutory duty, are excepted from discharge under 11 U.S.C. § 523(a)(5).

37 B.R. at 124. This Court is convinced that the fees awarded to Plaintiff by the state court should be recognized as a support debt, and as such excepted from discharge. Although the debt is not payable directly to the child, it was incurred on behalf of the children and is clearly the sort of obligation parents normally owe to their offspring. Accordingly, this Court chooses to adopt the majority view and hold that a debt such as this may be dischargeable even when payable to a third party. *In re Edwards, supra; In re Thomas,* 21 B.R. 571 (Bkrtcy.E.D.Pa.1982); *In re Kagan,* 42 B.R. 563, 565–66 (Bkrtcy.N. D.Ill.1984); *In re Cowley,* 35 B.R. 520, 523 (Bkrtcy.D.Kan.1983); *In re D'Antuono,* 37 B.R. 595, 596–97 (Bkrtcy.D.Mass.1984). *See, also In re Calhoun* 715 F.2d 1103, 1107 (6th Circ.1983) ("payments in the nature of support need not be made directly to the spouse or dependent to be nondischargeable"); *In re Williams,* 703 F.2d 1055, 1057 (8th Cir.1983).

■ As a final note, this Court recognizes that the explicit terms of the final decree characterize the fee award as a cost of litigation, expressly excluding it from the category of support obligation. While this Court does not presume to dictate to the state court that which is or is not a support obligation, it is clear that the determination of whether a particular debt is a support obligation, for purposes of determining dischargeability, is a function of federal bankruptcy law, and not state law. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 364 (1977), reprinted in 1978 U.S.Code Cong. & Ad.News 5963, 6320. "Though we of course regard the decisions of the state courts with deference, bankruptcy courts are not bound by state laws that define an item as maintenance or property settlement, *nor are they bound to accept a divorce decree's characterization of an award as maintenance or a property settlement." In re Williams, supra,* at 1057

(emphasis added). *See also In re Presler,* 34 B.R. 895, 897 (Bkrtcy.M.D.Tenn.1983); *In re Calhoun, supra,* at 1107. As has been stated above, it is this Court's opinion that the services rendered by Plaintiff in the state court proceedings were so inextricably intertwined with the welfare of the children during the litigation that it would be unreasonable to characterize the fee award as anything other than an obligation in the nature of support. Consequently, for purposes of determining the dischargeability of the debt, this Court holds that the obligation is a support obligation, notwithstanding language to the contrary in the state court decree, and that the debt will be excepted from Debtors' discharge.