**HOUSEHOLD FINANCE CO., INC., Plaintiff,**

v.

**Mary Louise WINTER, Defendant.**

**Bankruptcy No. 88–9002.**

United States Bankruptcy Court, N.D. Florida, Pensacola Division.

. Sept. 22, 1988.

---

Steven Bowden, Pensacola, Fla., for plaintiff.

Charles E. Russell, Pensacola, Fla., for defendant.

## MEMORANDUM OF OPINION

LEWIS M. KILLIAN, Jr.,
Bankruptcy Judge.

This case is before the Court on Creditor Household Finance Company's (HFC) complaint to determine dischargeability of its debt pursuant to 11 U.S.C. § 523(a)(2)(B). A trial was held on August 26, 1988. The Court, having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, and considered the arguments of counsel, makes the following findings.

On August 29, 1986, the Debtor contacted a number of financial institutions—including HFC—by telephone seeking information about a signature loan. The Debtor provided HFC with certain financial information in response to telephonic questions. The information included income, assets and certain debts. The only mortgage information requested was with regard to the debtor's home. Later that afternoon, HFC called the Debtor to advise her that a loan in the amount of $2,500 had been approved. The Debtor was advised she could pick up her check at HFC that afternoon.

The Debtor arrived at the HFC office shortly before closing and was instructed by the office manager to copy only the debt information HFC had taken from her telephonically onto a form financial statement (Plaintiff's Exhibit 1) in her own handwriting, and sign the statement, as required by HFC procedures. No additional information was requested. The Debtor testified the HFC loan check was prepared and issued before arrived. In addition, she testified she was told by the office manager to include the following sentence on the form: "I have no other debts". As instructed, Debtor wrote the statement as her last entry.

On her Chapter 7 petition, Ms. Winter listed additional debts in existence at the time of the HFC loan that were not listed by her on the HFC statement of debts. In particular, she listed on her petition a note and mortgage to First Federal Savings and Loan Association of Largo encumbering a condominium unit located in Alabama.

On October 7, 1987, Debtor filed her petition for relief under Chapter 7 and listed HFC as an unsecured creditor. On January 13, 1988, HFC filed a complaint objecting to the discharge of its debt under Section 523(a)(2)(B) of the Bankruptcy Code.

■ Section 523(a)(2)(B) provides:

§ 523. Exceptions to discharge

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive;

Exceptions to discharge as set forth in § 523 are to be liberally construed in favor of the debtor and strictly construed against the creditor, *In re Hunter*, 780 F.2d 1577 (11th Cir.1986), to carry out the "fresh start" policy of the Bankruptcy Code. *In re Linn*, 38 B.R. 762 (9th Cir. BAP 1984). The creditor seeking a determination of nondischargeability bears the burden of proving by clear and convincing evidence the elements set forth in § 523(a)(2)(B). *In re Hunter*, supra, at 1579.

Debtor does not dispute that she did not list on the HFC financial statement the note and mortgage on the Alabama condominium. Rather, she testified she contacted HFC to gather information about a loan, not intending to apply by telephone that day. She gave HFC all of the information it requested over the telephone, but there were no questions regarding secured debt other than her home mortgage. *HFC contacted her*, informed her she had been approved for the loan based on the telephone information she had given earlier that day, and advised her the check was ready. We find that the Debtor did not intend to deceive HFC. Signing the loan documents in this case was a mere formality. The allegedly false document signed by the debtor contained only a portion of the information given to HFC over the telephone. It made no reference to income or assets. Under the circumstances, HFC has not shown that it reasonably relied on the written statement of the Debtor before approving the loan. HFC made no showing either of intent to deceive or how the omitted information affected the approval of the loan. *ITT Financial Services v. Robert Finley and Rita Fowler*, 89 B.R. 938 (Bkrtcy.M.D.Fla. 1988).

We find Plaintiff, Household Finance Company, has failed to prove, by clear and convincing evidence, the elements of § 523(a)(2)(B). Accordingly, the debt shall not be excepted from discharge.

The Debtor requested a reasonable attorney's fee and the costs of defending this action. Section 523(d) of the Bankruptcy Code provides the Court may award attorney fees to debtors who successfully contest a determination of dischargeability with regard to a *consumer* debt. Section 101(7) of the Code defines a consumer debt as one that is incurred "by an individual primarily for personal family or household purposes." Debtor testified she borrowed money to help her husband with a cash flow problem in his business. The debt incurred does not constitute a consumer debt as required by Section 523(d). Accordingly, an award of attorney's fees and costs is inappropriate.

A separate judgment will be entered in accordance with the foregoing.