In re Lisa M. GLYNN, Debtor.

Lynn JENKINS, Plaintiff,

v.

Lisa M. GLYNN, Defendant.

Bankruptcy No. 91–51064.
Adv. No. 91–5201.

United States Bankruptcy Court,
D. Connecticut.

March 31, 1992.

Lynn Jenkins, pro se.

John Ronshagen, New Haven, Conn., for defendant.

MEMORANDUM AND ORDER ON
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT

ALAN H.W. SHIFF, Bankruptcy Judge.

The plaintiff moves for summary judgment pursuant to Rule 56 Fed.R.Civ.P. made applicable by Rule 7056 F.R.Bankr.P. For the reasons that follow, the motion is granted.

## BACKGROUND

The salient facts are not in dispute. On September 12, 1989, the plaintiff was appointed to represent the defendant's two minor children in a post-dissolution custody dispute. *See* Conn.Gen.Stat.Ann. § 46b–54 (West 1986). On August 23, 1990, the court ordered the defendant and her former spouse to each pay the plaintiff. The defendant's share of the debt is $4,048.30 ("counsel fee debt").

On April 22, 1991, the defendant filed a petition under Chapter 11 of the Bankruptcy Code. On August 19, 1991, the plaintiff commenced the underlying adversary proceeding, seeking a determination that the counsel fee debt is nondischargeable under 11 U.S.C. § 523(a)(5)(B),[1] and on January 2, 1992, she filed the instant motion.

## DISCUSSION

Rule 56 Fed.R.Civ.P. made applicable by Rule 7056 F.R.Bankr.P., provides in relevant part:

(c) ... [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law ...

. . . .

(e) ... When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

In determining whether summary judgment is appropriate, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The burden of showing that there are no material facts in dispute is on the moving party, and all reasonable inferences are to be drawn and all ambiguities are to be resolved in favor of the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Donahue v. Windsor Locks Bd. of Fire Com'rs*, 834 F.2d 54, 57 (2nd Cir.1987). To defeat a properly supported motion for summary judgment, the non-moving party "must offer concrete evidence raising genuine disputes of a material fact tending to show that his version is more than fanciful ... or alternatively, must show that the [moving party] is not entitled to summary judgment as a matter of law." *Johnson v. Carpenter Technology Corp.*, 723 F.Supp. 180, 182 (D.Conn.1989).

Code § 523(a) provides in relevant part that a debtor may not be discharged from any debt

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or other order of a court of record ... but not to the extent that—

. . . .

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance or support;

. . . .

The parties have stipulated that the counsel fee debt is in the nature of support. Thus, the sole issue here is whether that

---

**1.** For the relevant text of § 523(a)(5)(B), *see* *infra* p. 361.

debt, which is not payable to a former spouse or a child, is nondischargeable under § 523(a)(5)(B) as a matter of law. The plaintiff argues that it is because the services rendered were for the benefit of the defendant's children and are therefore *actually* in the nature of support. The defendant counters that not all debts that are actually in the nature of support are excepted from discharge under § 523(a)(5)(B). According to the defendant, that subsection should be read narrowly so that interference with a debtor's fresh start is minimized. By that rationale, the defendant argues, § 523(a)(5)(B) only excepts from discharge those debts which are payable to a spouse, former spouse, or child of a debtor since the targeted beneficiary is the debtor's immediate family as distinguished from other creditors. The defendant's argument is unpersuasive.

In construing § 523(a)(5)(B), the Second Circuit Court of Appeals rejected the argument that only debts payable directly to a spouse, as distinguished from those payable to that spouse's attorney, are nondischargeable because such an interpretation "overlook[ed] the well-established principle of bankruptcy law that dischargeability must be determined by the substance of the liability rather than its form." *In re Spong*, 661 F.2d 6, 9 (2nd Cir.1981) (citations omitted). The court also concluded that such an interpretation was inconsistent with the relevant legislative history and statutory language. *Id.* at 10. The logical extension of *Spong* is that an attorney's fee for the representation of a debtor's children, which is actually in the nature of support, is also nondischargeable. *See In re Peters*, 133 B.R. 291, 295–296 (S.D.N.Y.1991).

The defendant urges that I follow *In re Linn*, 38 B.R. 762 (9th Cir. BAP 1984), which held that fees owed to a court appointed attorney and psychiatrist for the debtor's minor child were dischargeable. The *Linn* court looked beyond the express language of *Spong* and concluded that an implied concern of that court was that when the debtor and a former spouse are liable for the payment of a debt, the discharge of the debtor would leave the former spouse's liability undisturbed, which would be unfair. *Id.* at 763. The *Linn* court then reasoned that when, as in the case before it, the debtor alone was ordered to pay a debt, a discharge of the debt would not be unfair to the former spouse or the children and such a discharge would promote the fundamental goal of a fresh start. *Id.*

I do not adopt the *Linn* interpretation of *Spong*. Had the *Spong* court intended the result attributed to it by *Linn*, it would have said so directly rather than by implication. It is also noted that other courts have generally concluded that a debt owed to someone other than a debtor's immediate family comes within the purview of the § 523(a)(5)(B) exception to discharge if the services rendered are actually in the nature of support to those family members. *See, e.g., In re Peters, supra; In re Laney*, 53 B.R. 231 (Bankr.N.D.Tex.1985); *In re Yarns*, 23 B.R. 370 (Bankr.N.D.Ill.1982); *Matter of Coleman*, 37 B.R. 120 (Bankr. W.D.Wis.1984); *In re Morris*, 14 B.R. 217 (Bankr.D.Colo.1981). *But see In re Lanza*, 100 B.R. 100 (Bankr.M.D.Fla.1989) (fees owed to a guardian ad litem appointed to represent a child in a custody dispute are dischargeable because they were not in the nature of alimony, support or maintenance). Since it is conceded that the counsel fee debt is actually in the nature of support, it is, as a matter of law, nondischargeable.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for summary judgment is GRANTED, and it is SO ORDERED, and it is FURTHER ORDERED THAT the counsel fee debt in the amount of $4,048.30 is nondischargeable.