In re Louis S. ST. LAURENT and Ellen St. Laurent, Debtors.

John SHEARER and James Long, Plaintiffs,

v.

Louis S. ST. LAURENT, Defendant.

Bankruptcy No. 88–05188–BKC–AJC.
Adv. No. 89–0133–BKC–AJC–A.

United States Bankruptcy Court,
S.D. Florida.

July 2, 1992.

A.P. Walter, Jr., P.A., Coral Gables, Fla., for plaintiffs.

ORDER ON REMAND DETERMINING DEBT EXCEPTED FROM DISCHARGE

A. JAY CRISTOL, Bankruptcy Judge.

THIS CAUSE was heard on January 23, 1992, at 1:30 p.m., pursuant to an order of the United States District Court for the Southern District of Florida "Remanding Cause to the Bankruptcy Court for Determination of Assignment of Attorney Fee Obligation". This Court, having considered the additional evidence on remand and the applicable law, finds that the Debtor's former spouse was obligated to her attorneys and, therefore, that the disputed debt is excepted from discharge.

Plaintiffs John Shearer ("Shearer") and James Long ("Long") filed a complaint with this Court seeking a determination of the dischargeability of a judgment debt against the defendant-debtor Louis S. St. Laurent ("Debtor"). The debt arose as a result of Shearer's and Long's representation of Shirley St. Laurent, the Debtor's Former Spouse, in her divorce proceeding against the Debtor. Shearer and Long alleged that this debt was nondischargeable

under 11 U.S.C. § 523(a)(5). This Court agreed, the Debtor appealed, and the cause was remanded.

On remand, this Court was to, and did, hear evidence as to whether the Debtor's Former Spouse was personally obligated to her attorneys, Shearer and Long.[1] The District Court stated that if the Debtor's Former Spouse was found not to be personally obligated to her attorneys then the debt would not come within the § 523(a)(5) exception to discharge.[2]

The Debtor has not satisfied his burden[3] of proving the existence of an agreement between Shearer, Long and the Debtor's Former Spouse whereby the Debtor's Former Spouse would not be personally obligated to Shearer and Long. It is, accordingly,

ORDERED that this debt is within § 523(a)(5) of the Bankruptcy Code and, therefore, excepted from discharge.

DONE AND ORDERED.

1. This Court has allowed the Debtor more than enough time to submit evidence. The Debtor was given three months after the evidentiary hearing to submit further evidence.

2. The District Court stated in its order remanding cause that case law

amply supports [the Debtor's] contention that where an attorney fee award is made, as here, directly to the attorney rather than to the spouse and is properly considered a debt owing solely to the attorney rather than to the spouse in that if no award were made, the spouse would not herself be obligated to the attorneys, then such debt is properly deemed dischargeable, either as falling entirely outside the provisions of § 523(a)(5), or as having been "assigned to another entity" within the meaning of § 523(a)(5)(A). *In re Linn*, 38 B.R. 762 (9th Cir. BAP 1984); *In re Lang*, 11 B.R. 428 (Bankr.W.D.N.Y.1981); *Crawford v. Crawford*, 8 B.R. 552 (Bankr.D.Kan.1981); *Fritz v. Daiker*, 5 B.R. 348 (Bankr.D.Minn. 1980).

This Court agrees that where an attorney who represents a debtor's former spouse for services "in the nature of alimony, maintenance, or support" is awarded fees, the debt will be dischargeable under § 523(a)(5) if the fees are paid directly to the attorney *and* the debtor's former spouse is not personally obligated. *See, e.g., In*

*re Williams*, 703 F.2d 1055, 57 n. 3 (8th Cir. 1983); *In re Horner*, 125 B.R. 458 (Bankr. W.D.Pa.1991); *In re Linn*, 38 B.R. 762 (9th BAP 1984). In such a case, the former spouse does not benefit from the payment and the purpose of the exception is not implemented. Upon considering the *Lang, Crawford* and *Daiker* cases relied upon by the District Court, this Court must note that those cases held that direct payment from a debtor to an attorney who provided services "in the nature of alimony, maintenance, or support" to the debtor's former spouse was an "assignment", for purposes of § 523(a)(5), causing the debt to fall outside of this exception to discharge. However, it is widely agreed upon that such direct payment will not, by itself, cause such a debt to fall outside of the § 523(a)(5) exception to discharge. *See, e.g., In re Vasquez*, 92 B.R. 533 (S.D.Fla.1988); *In re Spong*, 661 F.2d 6 (2nd Cir.1981); *In re Gwinn*, 20 B.R. 233 (9th Cir. BAP 1982); *In re Rios*, 901 F.2d 71 (7th Cir. 1990); *In re Horner*, 125 B.R. 458 (Bankr. W.D.Pa.1991); *In re Brenegan*, 123 B.R. 12 (Bankr.D.Del.1990) (relying on, inter alia, *In re Calhoun*, 715 F.2d 1103 (6th Cir.1983)).

3. According to the District Court, the "Appellant [Debtor] should be given the chance below to demonstrate ..." Furthermore, the issue on remand involves the Debtor's defense.