In re William A. BROWN, Debtor.

William A. BROWN, Plaintiff,

v.

Frances R. BROWN, Jeanne L. Coleman, Steven T. Northcutt and Stephen W. Sessums, Defendants.

Bankruptcy No. 93–2504–8P1.
Adv. No. 93–175.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Dec. 1, 1994.

J. Stanford Lifsey, Tampa, FL, for debtor/plaintiff William A. Brown.

Shirley C. Arcuri, Tampa, FL, for defendants Frances R. Brown, Jeanne L. Coleman and Stephen T. Northcutt.

David A. Townsend, Tampa, FL, for defendant Stephen W. Sessums.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case and the matter under consideration is a Motion for Summary Judgment filed by William A. Brown (Debtor) in the above-captioned adversary proceeding in which the Debtor names as defendants Frances R. Brown (Ms. Brown), Jeanne L. Coleman (Ms. Coleman), Steven T. Northcutt (Mr. Northcutt) and Stephen W. Sessums (Mr. Sessums).

The Motion under consideration is based on the proposition urged by the Debtor that the facts which are relevant are without dispute and the Debtor is entitled to a determination that an attorney fee award to Ms. Coleman and Mr. Northcutt are not excepted from the overall protection of the general bankruptcy discharge based on § 523(a)(5) of the Code. The claims under consideration are connected with the long drawn out dissolution of marriage proceeding in which the domestic relation court awarded attorneys fees to Ms. Coleman and Mr. Northcutt, both of whom represented the Debtor's ex-spouse in the dissolution of marriage and in an appeal in that action. The amount awarded to Mr. Northcutt on May 5, 1993 was in the amount of $13,912.50 and $1,230 to Ms. Coleman. It is without dispute that by agreement Ms. Brown is not obligated to pay any fees to Ms. Coleman or Mr. Northcutt.

It is the Debtor's contention that first, because the award granted by the domestic relations court ordered the payment to the attorneys and not to his former spouse, the debt is dischargeable relying on the literal language of the Section set forth in § 523(a)(5) of the Code; second, that the award cannot possibly be in the nature of alimony and support for his former spouse since, as noted earlier, she is not legally liable to pay these fees.

In this connection it should be pointed out what is and what is not involved in the matter under consideration. Whether or not the Debtor is legally liable to pay the award by the domestic relations court to the defendants, Ms. Coleman and Mr. Northcutt, is not an issue involved in the matter under consideration. There is very substantial authority to support the proposition that for the purpose of § 523(a)(5) the fact that the award is payable directly to the attorney and not to the spouse is of no consequence, *In re Spong,* 661 F.2d 6 (2d Cir.1981); *In re Williams,* 151 B.R. 605 (Bankr.M.D.Fla. 1993); *In re St. Laurent,* 144 B.R. 932, 933 n. 2 (Bankr.S.D.Fla.1992). Concededly, this is not a universally accepted view. See *In re Garcia,* 174 B.R. 529 (Bankr.W.D.Mo.1994). In this case the Court held that since the attorney fee award was payable "to the attorney" and not to the spouse, the debt was dischargeable. This view is also supported indirectly by the decision of the Sixth Circuit in the case of *In re Perlin,* 30 F.3d 39 (6th Cir.1994) where the Court of Appeals held that the attorneys had no standing to seek a determination in the bankruptcy court that the fees awarded to them in connection with their representation of a spouse because the fee award was to the spouse and not to them.

■ Be that as it may, the bankruptcy courts in this State uniformly held that there is no impediment to assert a claim of nondischargeability just because the attorney fee award was made payable directly to the attorneys and not to the former spouse. *Baucom v. Baucom,* 397 So.2d 345 (Fla. 3d DCA 1981); *Hope v. Lipkin,* 156 So.2d 659 (Fla. 3d DCA 1963).

■ This leaves for consideration the more difficult problem which is whether or not a fee award to attorneys by a domestic relations court comes within the exception to discharge under § 523(a)(5) of the Bankruptcy Code when the award is payable to the attorneys and where the ex spouse has no legal obligation to pay any fees to the attorneys at all. The bankruptcy court for the Southern District of Florida was faced precisely with this problem in the case of *In re St. Laurent, supra* where the Court held:

118

This Court agrees that where an attorney who represents a debtor's former spouse for services "in the nature of alimony, maintenance, or support" is awarded fees, the debt will be dischargeable under § 523(a)(5) if the fees are paid directly to the attorney and the debtor's former spouse is not personally obligated. See, e.g. *In re Williams*, 703 F.2d 1055, 57 [1057] n. 3 (9th Cir.1983); *In re Horner*, 125 B.R. 458 (Bankr.W.D.Pa.1991); *In re Linn*, 38 B.R. 762 (9th Cir. BAP 1984). In such a case, the former spouse does not benefit from the payment and the purpose of the exception is not implemented.

It is true, however, that in the cases cited by the court in *In re St. Laurent, supra*, only *Linn* addressed the precise issue under consideration. In *Linn* the Bankruptcy Appeal Panel (BAP) in the Ninth Circuit held that the obligation of the former husband to pay fees were dischargeable because the payment of the award was the sole responsibility of the husband. In that case the award granted for services rendered by a psychiatrist to the former wife and for the son of the parties. In arriving at its conclusion, the Court held:

In the present case, it was the debtor alone who was ordered to pay the attorney and the psychiatrist. If these fees are not paid, the former wife and the child will not be liable. Excluding these debts from discharge will not further the bankruptcy goal of a fresh start unburdened by old debts. [citation omitted] Nor will it protect spouses, former spouses and children from being injured by a debtor's discharge.

It is urged by the defendants that *St. Laurent* is inconsistent with Florida law. This argument misses the mark for obvious reasons but while the liability of a spouse for attorney fees in conjunction with a dissolution of marriage proceeding is controlled by Florida law, the character of that liability obviously must be determined by Federal law. This Court is not unaware of the decision of the Bankruptcy Court in *In re Wisniewski*, 109 B.R. 926 (Bankr.E.D.Wis.1990) where the court held that an award of $2,000.00 attorney fees to Chapter 7 debtor's former wife pursuant to a settlement agree-

ment in a dissolution proceeding was intended to be for "support." This was not dischargeable even though the wife waived maintenance, was employed, and the attorney forgave any remaining amount due from the wife. In *Wisniewski* the court concluded that the attorney's charity toward the former spouse should not entitle the husband debtor to be released from this obligation. The Court in *Wisniewski* also cited the case of *Siegel v. Smith*, 65 B.R. 668 (W.D.N.Y.1986) in which the District Court for the Western District of New York held that a debtor husband's assumption of obligation to pay his ex-wife's counsel's fees at the time of the separation agreement was executed was an assumption of the obligation in the nature of alimony, which obligation was not altered by the wife's subsequent filing for bankruptcy, thus the debt owed to the attorney by the husband for the wife's counsel fees were nondischargeable. *Shine v. Shine*, 802 F.2d 583, 585 (1st Cir.1986); *In re Messnick*, 104 B.R. 89 (Bankr.E.D.Wis.1989); *In re Hicks*, 65 B.R. 227, 228 (Bankr.D.N.M.1986); *In re Williams, supra*.

The factual scenario produced a different result in the case of *In re Glynn*, 138 B.R. 360 (Bankr.D.Conn.1992). *Glynn* involved a post-dissolution custody dispute in which the court appointed an attorney ad litem to represent two minor children. The Court directed each of the former spouses to pay one-half of the fee awarded to the attorney ad litem. Clearly under this scenario the children to whom the services were performed were not legally liable to pay any fees to the attorney ad litem and if the spouses did not pay, clearly the attorney ad litem could not establish a valid enforceable claim against the children. Notwithstanding, the bankruptcy court rejected *Linn* and held that the obligation was nondischargeable.

One would be less than candid not to admit that neither *Glynn*, nor the case of *In re Laney*, 53 B.R. 231 (Bankr.N.D.Tex.1985) which agreed with *Glynn*, involved a factual scenario present in the particular controversy before this Court. Unlike *Glynn* and *Laney*, the debt under consideration in the present instance is not a debt owed to a guardian ad litem who rendered services to

minors, who obviously could not be held responsible for the fee award granted to the attorney ad litem.

In the present instance, the fee award is expressly payable by the Debtor and it is admitted that the former spouse has no legal obligation whatsoever to pay the fee award granted to the defendants, Ms. Coleman and Mr. Northcutt. Thus, if the fee award is discharged, the defendants would not have any recourse and would not be able to collect their fees from anyone.

This Court is inclined to accept the reasoning of *Wisniewski, supra,* and conclude that even though Mrs. Brown has no legal obligation to pay the fee awarded to Ms. Coleman and Mr. Northcutt, nevertheless the award was in the nature of support and, therefore, comes within the exceptive provisions of § 523(a)(5). The argument, although not very well articulated is that the factual scenario under consideration is akin to one when a debt owed to a spouse for alimony, maintenance or support has been assigned to another entity, voluntarily or by operation of law. This record clearly lacks any evidence of assignment or intention of assignment of this obligation and does not fall within the exception to discharge set forth in § 523(a)(5)(A).

In sum, this Court is satisfied that the debt owed to the defendants, Ms. Coleman and Mr. Northcutt, is excepted from the discharge and is not within the overall protection of the general bankruptcy discharge granted to the Debtor by virtue of § 727(a)(1). Based on the foregoing, that while the facts are not in dispute, it is clear that the Debtor is not entitled to a judgment as a matter of law.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by the Debtor be, and the same is hereby, denied and the matter shall be scheduled for a pretrial conference to determine the proper resolution of the remaining controversies in this adversary proceeding before the undersigned.

DONE AND ORDERED.