In re Thomas CONSTANTINE and Nannette Constantine, Debtors.

Priscilla SPEAR, Plaintiff,

v.

Thomas CONSTANTINE and Nannette Constantine, Defendants.

Bankruptcy No. 95–10629.
Adv. No. 95–1174.

United States Bankruptcy Court,
D. Massachusetts.

June 16, 1995.

Bruce T. MacDonald, Cambridge, MA, for plaintiff.

Russell J. Fleming, Fleming & Miranda, Wakefield, MA, for defendants.

## MEMORANDUM

JOAN N. FEENEY, Bankruptcy Judge.

### I. BACKGROUND

The Debtors, Thomas and Nannette Constantine ("Debtors" or "the Constantines"), filed a voluntary petition for relief under Chapter 7 on January 31, 1995. On March 3, 1995, the plaintiff, Priscilla Spear ("Spear"), brought this adversary proceeding, seeking a determination that a debt owed to her by the Debtors is nondischargeable pursuant to 11 U.S.C. § 523(a)(5). On March 31, 1995, the Constantines filed an Answer, moved to dismiss the Complaint, and sought an award of attorneys' fees. Spear filed a "Plaintiff's Opposition To Defendant's Motion To Dismiss" on April 21, 1995,[1] and the Court held a hearing on May 16, 1995, at which time the matter was taken under advisement.

The material facts of the case are not disputed. Spear was appointed in 1990 by the Middlesex Probate and Family Court to serve as guardian ad litem and represent the Debtors' minor child in a custody dispute between the Debtors and the child's maternal grandparents. Thomas Constantine stipulated to Spear's appointment and agreed to pay her fees, although he later contested the amount. The child is now in the custody of the Debtors. On September 7, 1994, Spear obtained from the Cambridge District Court an execution in the amount of $6,153.20, which is the amount that she now seeks to have excepted from the Constantines' discharge.

### II. THE POSITIONS OF THE PARTIES

In support of their motion to dismiss, the Debtors rely upon a strict reading of 11 U.S.C. § 523(a)(5). They argue that the debt is dischargeable because Spear is not a "spouse, former spouse, or child of the debtor" and that the debt does not constitute "support" since it arises from a custody dispute rather than a support dispute. Relying upon *In re Linn*, 38 B.R. 762 (9th Cir. BAP 1984), the Debtors also argue that since they are joint debtors, and neither Nannette Con-

---

1. The plaintiff did not move for summary judgment, but rather filed only an opposition to the defendant's motion to dismiss.

stantine nor the minor child (who were not parties to the stipulation) is liable for the obligation, the debt should be discharged. They claim that a finding of nondischargeability will be "disastrous" for their family.

The plaintiff, relying upon caselaw that construes the term "support" broadly, argues that the debt should be excepted from discharge because attorneys' fees are "in the nature of support." She also argues that the Debtors's allegation that an exception from discharge will be "disastrous" to their family is an issue of fact to be determined at trial.

## III. DISCUSSION

Section 523 provides in relevant part:

(a) A discharge under section 727 ... does not discharge an individual debtor from any debt—(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record....

11 U.S.C. § 523(a)(5). In order to be excepted from discharge, then, the debt must meet all three prongs of the § 523(a)(5) test, namely that it was (1) "to a ... child of the debtor;" (2) incurred for the "support" of the child; and (3) "in connection with" an "order of a court of record."

The Court has little trouble finding that the first and third prongs of the test are met in the instant case. At the outset, the Court rejects the Defendant's argument that because the debt is payable to a third party (Spear) rather than "*to* a ... *child* of the debtor" (emphasis added), it is dischargeable. *See Miller v. Gentry (In re Miller)*, 55 F.3d 1487 (10th Cir.1995) (bankruptcy court should consider the nature of the debt rather than the identity of the payee); *Pauley v. Spong (In re Spong)*, 661 F.2d 6 (2d Cir. 1981) (court should look to the substance of a liability rather than its form); *Matter of Coleman*, 37 B.R. 120 (Bankr.W.D.Wis.1984). As long as the debt is deemed to be support, "payment does not have to be made directly to the child to be nondischargeable ... and it

may be paid to a third party on behalf of the child." *Heintz v. Tremblay (In re Tremblay)*, 162 B.R. 60, 62 (Bankr.D.Me.1993). Additionally, both the plaintiff's appointment and fee were ordered by state courts, and thus the debt was incurred "in connection with" court orders[2], fulfilling the third requirement of the statute.

Thus, the salient issue involves the second prong of § 523(a)(5). Whether attorney's fees owed to a court-appointed guardian ad litem for a minor child of a debtor constitute "support" appears to be a case of first impression in this district. However, this issue has been addressed by other bankruptcy courts, leading to a split of authority among the Circuit Courts of Appeals. The majority view holds that such fees are nondischargeable. *See Miller*, 55 F.3d 1487; *Dvorak v. Carlson (In re Dvorak)*, 986 F.2d 940 (5th Cir.1993); *Peters v. Hennenhoeffer (In re Peters)*, 133 B.R. 291 (S.D.N.Y.1991), *aff'd*, 964 F.2d 166 (2nd Cir.1992). *But cf. Adams v. Zentz*, 963 F.2d 197 (8th Cir.1992).

The Debtors, citing *Weed v. Lanza (In re Lanza)*, 100 B.R. 100 (Bankr.M.D.Fla.1989), argue that the plaintiff's fees are dischargeable because they were incurred as a result of a custody dispute rather than as a result of litigation to determine or enforce child support. However, *Lanza* has been rejected on grounds that it interpreted the language of § 523(a)(5) too narrowly. The majority of courts have held that a determination of child custody or visitation is a vital element of "support" and, therefore, that an ancillary award of attorney's fees in connection with a custody or visitation dispute is in the "nature of support." *See e.g., Peters*, 133 B.R. at 296; *Wedgle & Shpall v. Ray (In re Ray)*, 143 B.R. 937 (Bankr.D.Colo.1992); *Dellapa v. Vazquez (In re Vazquez)*, 84 B.R. 848 (Bankr. S.D.Fla.1988), *aff'd*, 92 B.R. 533 (S.D.Fla. 1988). This Court joins the majority of courts in rejecting *Lanza* and following *Hack v. Laney (In re Laney)*, 53 B.R. 231 (Bankr. N.D.Tex.1985), in which it was held that services rendered by a guardian ad litem "were so inextricably intertwined with the welfare

---

**2.** Although neither the court order appointing Spear as guardian ad litem nor a copy of the execution were submitted to the Court, the De-

fendants' Answer admits that plaintiff was appointed by the probate court and that she holds an execution issued by the district court.

of the children ... that it would be unreasonable to characterize the fee award as anything other than an obligation in the nature of support." *Id.* at 235.

The Debtors next urge the Court to follow the Eighth Circuit Court of Appeals's opinion in *Adams,* which held that "in deciding whether to characterize an award [of attorney's fees] as maintenance or support 'the crucial issue is the function the award was intended to serve' (citation omitted). This is a question of fact to be decided by the bankruptcy court." 963 F.2d at 200. In *Adams,* the bankruptcy court had determined that attorney's fees were dischargeable because the underlying custody action was filed not to ensure the child's welfare but rather to preserve the father's relationship with the child. The Court of Appeals held that the bankruptcy judge's decision was not clearly erroneous. *Id.*

However, as the plaintiff notes in her memorandum, most courts have declined to follow *Adams,* which is unquestionably the minority view. This Court is persuaded by, and agrees with, the Tenth Circuit Court of Appeals's opinion in *Jones v. Jones (In re Jones),* 9 F.3d 878 (10th Cir.1993), in which Judge Brorby discussed *Adams* and then held that:

> We reject the Eighth Circuit's directive that the bankruptcy court must look at the purpose behind the custody action and examine whether that action was held in order to determine the best interests of the child. In our view, in all custody actions, the court's ultimate goal is the welfare of the child.
>
> Further, to require the court to determine the purpose of the custody action could require extensive hearings and fact-findings into the parties' subjective motivations which is more appropriate to the state court than a bankruptcy court.... We hold that the term "support" as used in § 523(a)(5) is entitled to a broad application.... Generally, custody actions are directed towards determining which party can provide the best home for the child and are, therefore, held for the child's benefit and support. Therefore, in order that genuine support obligations are not

improperly discharged, we hold that the term 'support' encompasses the issue of custody absent unusual circumstances not present here....

*Id.* at 881–882. Although *Jones* concerned fees owed to a debtor's former spouse's attorney, the Tenth Circuit has extended its holding to fees owed to a guardian ad litem. *Miller,* 55 F.3d at 1489–90. *See also Peters,* 133 B.R. at 295.

The Debtors's final argument, based upon *Linn,* that the debt should be discharged because doing so will not obligate Nannette Constantine or the child, also fails. In *Linn,* the Ninth Circuit Bankruptcy Appellate Panel ruled that a guardian ad litem's fees were dischargeable so long as neither the debtor's spouse nor the child would be liable for the fees. However, the fairness test implied by the *Linn* court has been criticized. *See Swartzberg v. Lockwood (In re Lockwood),* 148 B.R. 45 (Bank.E.D.Wis.1992); *Jenkins v. Glynn (In re Glynn),* 138 B.R. 360 (Bankr. D.Conn.1992). This Court agrees with Judge Margaret Dee McGarity, who rejected *Linn* because "the proper focus is what the services are for, not who else is liable." 148 B.R. at 49.

Having rejected all of the authorities cited by the Debtors, the Court finds that the plaintiff's fees were incurred for the support of the Debtors's child and pursuant to a court order. All elements of 11 U.S.C. § 523(a)(5) have been met.

## IV. CONCLUSION

Based upon the foregoing analysis, the Debtors's Motion to Dismiss and Motion For Attorney's Fees and Costs are hereby DENIED.

### ORDER

In accordance with the Memorandum dated June 16, 1995, the Debtor's Motion to Dismiss and Motion For Attorney's Fees and Costs are hereby DENIED.