In re ROSS, Kelly Melissa, Debtor.

A. Patrick Hamilton, Plaintiff,

v.

Kelly Melissa Ross, Defendant.

Bankruptcy No. 99–06955–9P7.
Adversary No. 99–438.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 24, 2000.

A. Patrick Hamilton, Columbus, OH, for Plaintiff.

William G. Whitcomb, Fort Myers, FL, for Defendant.

### ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY,
Bankruptcy Judge.

The matter under consideration in this adversary proceeding is a Motion for Summary Judgment related to the Complaint to Determine Debt Nondischargeable brought by A. Patrick Hamilton (Plaintiff) pursuant to 11 U.S.C. § 523(a)(5). The Plaintiff contends there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. The Court reviewed the Motion and the record, heard argument of counsel and finds the following facts are without dispute:

On December 18, 1995, the Franklin County Domestic Relations Court in Franklin County, Ohio, (State Court) issued an Order appointing the Plaintiff to serve as the Guardian ad Litem for the purpose of representing the best interests of Kelly Melissa Ross's (Debtor) minor children during the divorce proceedings between the Debtor and her former husband. From December 1995 until February 1998, the Plaintiff served as Guardian ad Litem in the divorce proceedings. The

State Court awarded the Plaintiff Guardian as Litem fees.

The Debtor filed her Petition for relief under Chapter 7 on April 30, 1999. On July 29, 1999, the Plaintiff commenced the above-captioned adversary proceeding. The Complaint seeks a determination that the fee's awarded to the Plaintiff as Guardian ad Litem are nondischargeable pursuant to 11 U.S.C. § 523(a)(5).

■ A child custody proceeding is always in the nature of child support and an award of attorney's fees against the Debtor becomes a nondischargeable debt pursuant to Section 523(a)(5). *In re Ratcliff*, 195 B.R. 466 (Bankr.C.D.Cal.1996). "[The] services rendered by a guardian ad litem [are] so inextricably intertwined with the welfare of the children ... that it would be unreasonable to characterize the fee award as anything other than an obligation in the nature of support." *In re Constantine*, 183 B.R. 335, 336–337 (Bankr.Mass.1995), quoting *In re Laney*, 53 B.R. 231 (Bankr. N.D.Tx.1985). Based on the foregoing, this Court is satisfied that there are no genuine issues of material fact and the Plaintiff is entitled to a judgment in his favor as a matter of law.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Plaintiff's Motion for Summary Judgment is hereby granted. A separate Final Judgment will be entered in accordance with the foregoing.