Terry ADAMS, Appellant,

v.

Karen Marie ZENTZ, Appellee.

No. 90–0864–CV–W–9.

United States District Court,
W.D. Missouri, W.D.

March 15, 1991.

Anthony L. Anderson, Clayton, Mo., for plaintiff, appellant.

Steven C. Block, Boland, McQuain, Block, DeHardt & Rosenbloom, Karl H. Timmerman, Kansas City, Mo., for defendant, appellee.

## ORDER REVERSING DECISION AND REMANDING CASE TO BANKRUPTCY COURT

BARTLETT, District Judge.

Appellant Terry Adams appeals from the bankruptcy court's June 19, 1990, Order Denying Appellant's Motion for New Trial or to Amend Judgment in which the court held that a debt owed to appellant by appellee Karen Marie Zentz is not a non-dischargeable debt under either 11 U.S.C. § 523(a)(5) or 11 U.S.C. § 523(a)(6).

A. *Standard for Bankruptcy Appeal*

This court has jurisdiction pursuant to 28 U.S.C. § 158(a). Bankruptcy Rule 8013 provides that on appeal, the district court

> may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact should not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of witnesses.

The Advisory Committee Notes state that Rule 8013 accords the same weight to the findings of a bankruptcy judge as is given the findings of a district judge under Rule 52, Federal Rules of Civil Procedure.

A finding is clearly erroneous when the reviewing court is " 'left with the definite conviction that a mistake has been committed.' " *Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 365, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)). The district court must independently determine questions of law or mixed questions of law or fact. *In re Multiponics, Inc.*, 622 F.2d 709, 713 (5th Cir.1980); *In re Hammons*, 614 F.2d 399, 403 (5th Cir.1980). A bankruptcy court's conclusions of law are freely reviewable on appeal. *United States v. Mississippi Valley Generating Co.*, 364 U.S. 520, 526, 81 S.Ct. 294, 297, 5 L.Ed.2d 268 (1961).

### B. *Factual Background*

This appeal results from appellee's attempt to discharge in bankruptcy a $7,500 judgment entered by the Missouri Circuit Court for the Twenty–Second Judicial District in St. Louis (Circuit Court) in favor of appellant and against appellee.

On December 27, 1978, appellant and appellee were divorced by decree of the Circuit Court. The decree provided that custody of the parties' minor child, Terri Lynn Adams, was granted to appellee. Appellant was granted reasonable visitation rights and temporary custody during specific times of the year and required to pay child support.

When appellee's actions interfered with appellant's visitation with his daughter, he filed a motion asking the Circuit Court to modify the decree. He alleged that appellee had wrongfully denied visitation and temporary custody of Terri Lynn.

On March 28, 1988, the Circuit Court entered an order finding that for a six month period, appellee had unilaterally and without just cause terminated appellant's temporary custody of and visitation with Terri Lynn. Record on Appeal at 7–8. He also found that in September 1986, appellee had relocated across the state to a rural area near Kansas City without informing appellant of her new address and for a time deliberately concealed the whereabouts of herself and the child. *Id.* at 8–9. After being located, appellee continued to frustrate visitation attempts. *Id.* at 9. The Circuit Court also found that appellee "harbors a deep and passionate hatred" of her former husband and "has met with considerable success in her attempts to alienate the love and affection that Terri Lynn had previously shown her father." *Id.*

Based on these findings, the Circuit Court ordered that appellant have temporary primary physical custody of Terri Lynn so that she could reacquaint herself with her father. The Circuit Court also suspended appellant's child support payments during the time that he had primary custody of Terri Lynn. *Id.* at 12. In addition, on November 4, 1988, pursuant to § 452.400, Missouri Revised Statutes, the Circuit Court awarded appellant $7,500 in attorney's fees.[1] *Id.* at 3–4.[2] Appellee then filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Missouri.

On March 26, 1990, appellant filed his Complaint to Determine Dischargeability of Debt, alleging the debt was non-dischargeable under either 11 U.S.C. § 523(a)(5) or 11 U.S.C. § 523(a)(6). *See id.* at 1. The bankruptcy court found the debt dischargeable after which appellant filed a Motion for New Trial, or in the Alternative, to Amend Judgment, which the bankruptcy court denied. *See id.* at 16. Appellant then filed this appeal.

### C. *The Bankruptcy Court's Opinion*

On June 19, 1990, the bankruptcy court found that:

Mr. Adams alleges that a debt owed to him by Ms. Zentz, the debtor herein, is nondischargeable under the Bankruptcy Code. The debt arose as the result of judgment rendered by the Missouri Circuit Court for the City of St. Louis. Mr.

---

1. The attorney's fees award now totals $8,456.25 with the addition of interest as provided by law.

2. It is this judgment debt for attorney's fees that appellant seeks to have declared non-dischargeable under 11 U.S.C. § 523(a)(5) or § 523(a)(6).

Adams brought suit against Ms. Zentz alleging denial of visitation rights and seeking temporary custody of their minor daughter. As a consequence of this successful effort, Mr. Adams was awarded the cost of his attorney's fees, namely Seven Thousand Five Hundred Dollars ($7,500.00). Mr. Adams claims that the debt created by this judgment is nondischargeable under either § 523(a)(5) or (a)(6). Close examination of those Code sections, and case law interpreting them, casts Mr. Adams' position in an unfavorable light....

[T]his Court sees no reason to grant the plaintiff a new trial or to alter or amend its prior judgment. Consequently, plaintiff's [Adams'] Motion is hereby denied.

Record on Appeal at 17–18, 20.

The bankruptcy court held that the judgment debt does not qualify as a non-dischargeable debt under § 523(a)(5) because the debt was not related to the financial "support" of the child. The court reasoned:

[Section] 523(a)(5) applies directly to alimony, maintenance or support obligations and not to debt for attorney's fees incurred to enforce visitation rights. Each of the express exceptions to discharge consists of a direct financial obligation: payment of alimony, payment of maintenance, payment of support. Each of these obligations is nothing more than compensation for a financial 'support' which a spouse or parent would generally be expected to pay: food, clothing[,] shelter, education, and other reasonable expenses. Most courts have gone so far as to allow attorney's fees to be included in the sphere of nondischargeable debts [when] such fees are part of the alimony, maintenance, or support settlement. However, it seems to be carrying the concept of 'support' a bit too far to include within the sphere an attorney's fee incurred during the course of a dispute over visitation rights, a dispute which is unrelated to any of the financial obligations which a spouse or parent would generally be expected to pay.

Record on Appeal at 18–19.

The bankruptcy court also held that the judgment debt does not qualify as a non-dischargeable debt under § 523(a)(6) because the debt did not arise in an action to recover damages for willful or malicious injury:

Section 523(a)(6) requires that a debtor remain liable on a judgment based on a willful and malicious injury. While there is evidence in the record that Ms. Zentz intentionally deprived Mr. Adams of his visitation rights, the judgment below did not establish a debt for a willful injury. The State Court proceeding was an equitable action where Mr. Adams sought to enforce his visitation rights, not an action to recover damages for an injury. Though he may have been harmed by the deprivation of visitation rights, he did not prove such harm in State Court or in the current federal proceeding.

The fact that the State Court awarded him his attorney's fees as the result of being the victor does not change the nature of the action from one in equity to one for damages. In and of itself, the award of attorney's fees, unconnected to an award for damages, is not the type of debt that is protected from discharge by § 523(a)(6).

Record on Appeal at 19–20.

### D. *Discussion*

#### 1. *Non-dischargeability Under 11 U.S.C. § 523(a)(5)*

Appellant raises the issue of whether attorney's fees incurred by an ex-spouse in post-dissolution proceedings regarding visitation and custody of a child is a non-dischargeable debt under 11 U.S.C. § 523(a)(5). Because this presents a question of law, this court must independently determine the issue.

Appellant argues that because the attorney's fee award is in the nature of child support, the bankruptcy court erred in determining that it is not a non-dischargeable debt. Appellee argues that the bankruptcy court's conclusion was correct because the attorney's fees are not directly related to the financial "support" of the parties' child.

Section 523(a)(5), 11 U.S.C. § 523(a)(5), provides:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

. . . . . .

(b) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is *actually in the nature of* alimony, maintenance, or *support.*

Whether the judgment debt for attorney's fees in this case constitutes "support" is determined by whether the payment is in the nature of support as that term is used in § 523(a)(5). *In re Woods,* 561 F.2d 27, 29–30 (7th Cir.1977); *In re Yorns,* 23 B.R. 370, 371 (Bankr.N.D.Ill. 1982). Debts "in the nature of support" are dischargeable. *In re Doe,* 93 B.R. 608, 613 (Bankr.W.D.Tenn.1988); *In re Zimmer,* 27 B.R. 132, 134 (Bankr.S.D.Ohio 1983).

■ While federal law is controlling on this question, a district court may look to state law, its rules, definitions and requirements, to determine whether the obligation embodied in the decree is in the nature of support. *In re Goin,* 808 F.2d 1391, 1392 (10th Cir.1987); *In re Poe,* 118 B.R. 809, 812 (Bankr.N.D.Okla.1990); *Yorns,* 23 B.R. at 371.

■ Numerous courts have held that a judgment debt for attorney's fees that is incurred in proceedings pertaining to child custody or visitation is "in the nature of support" and therefore non-dischargeable under § 523(a)(5). *See In re Poe,* 118 B.R. at 811; *In re Doe,* 93 B.R. 608, 614 (Bankr. W.D.Tenn.1988) (attorney's fees were awarded with regard to proceedings to modify custodial parent's custody and visitation because child was allegedly sexually abused by custodial parent; court stated that the "attorney's fees were intended as support or maintenance, that the same have the effect of providing necessary support and maintenance to the minor child.... A parent may not abuse a child and then easily argue that attorney's fees and costs arising from the protection of that child lack the character of maintenance or support...."); *In re Vazquez,* 92 B.R. 533, 535 (S.D.Fla.1988) ("Neither public policy, the statutory language, nor the legislative history supports the view that Congress intended to exclude a debt incurred by a spouse litigating visitation issues from the statute's purview."); *In re Schwartz,* 53 B.R. 407, 411 (Bankr.S.D.N. Y.1985) ("[T]he statute requires only that the debt fall in one of [the] three categories ..., not that it be fees incurred in litigating only those issues."); *In re Cowley,* 35 B.R. 520, 525 (Bankr.D.Kan.1983) ("[A]ttorney's fees incurred in resisting the motion for change of custody ... are in the nature of alimony, support or maintenance.").

In *In re Poe,* 118 B.R. at 810, the United States Bankruptcy Court for the Northern District of Oklahoma addressed the issue of whether attorney's fees awarded for post-dissolution proceedings to modify child custody constituted a non-dischargeable debt under § 523(a)(5). In determining whether the judgment debt for attorney's fees was incident to "support" and, therefore, non-dischargeable, the court stated:

In Oklahoma, child custody is assigned according to the best interests of the child.... In this Court's view, the best interest of the child is an inseparable element of the child's 'support'—put another way, 11 U.S.C. § 523(a)(5) should be read as using the term 'support' in a realistic manner; the term should not be read so narrowly as to exclude everything bearing on the welfare of the child but the bare paying of bills on the child's behalf.

Since determination of child custody is essential to the child's proper 'support,'

attorney['s] fees incurred and awarded in child custody litigation should likewise be considered as obligations for 'support,' at least in the absence of clear indication of special circumstances to the contrary.

*Id.* at 812.

I am persuaded by the numerous cases setting forth what is considered to be the majority rule on this issue—that is, a debt for attorney's fees incurred in litigating child custody and visitation issues is non-dischargeable under § 523(a)(5). I am particularly persuaded by the court's reasoning in *In re Poe.*

In Missouri, child custody and visitation rights are determined according to the best interests of the child. *See* Mo.Rev.Stat. § 452.375(2) (1986). In addition, Missouri law provides that "attorney's fees and costs of a proceeding to enforce visitation rights shall be assessed against the parent who unreasonably denies or interferes with visitation." *Id.* § 452.400(4).

It is reasonable to conclude under Missouri law that attorney's fees awarded to a parent who is pursuing his child's best interests constitute an inseparable element of the child's "support." Applying § 523(a)(5) only to debts arising from the direct financial support of a child is an unrealistic and overly narrow construction of the statute. There is no evidence that Congress intended such a narrow construction of this statute.

In this case, the state court modified its decree so that appellant would have primary physical custody of Terri Lynn. In doing so, the court clearly focused on Terri Lynn's best interests, declaring that "[i]t is in the best interest of the child Terri Lynn Adams, that she develop and maintain a healthy and warm parental relationship with both her parents." Record on Appeal at 8. Thus, the attorney's fee award is "in the nature of support" under the reasoning of *In re Poe.*

In addition, the attorney's fees are indirectly related to the financial support of Terri Lynn. The attorney's fees were awarded for litigation that resulted in appellant receiving temporary physical custody of his daughter. At that time, the state court also temporarily suspended appellant's child support payments during the period he retained primary custody of Terri Lynn. Although the state court did not specifically designate the attorney's fees award as "support"[3] it is reasonable to conclude that the court awarded the fees partially to assist appellant in his ability to provide financial support for Terri Lynn. The practical effect of the fee award was to offset the amount of Terri Lynn's living expenses that were in excess of the amount appellant ordinarily paid to appellee in child support. Such an offset may have been desirable because the Circuit Court did not require appellee to pay child support to appellant or otherwise share the financial burden of caring for Terri Lynn during the time that appellant retained primary physical custody.

Based on the foregoing, I conclude that the bankruptcy court erred in holding that the attorney's fee award was not a non-dischargeable debt under § 523(a)(5). The bankruptcy court's decision is directly contrary to the majority rule on this issue. Furthermore, for whatever reason, the bankruptcy court failed to discuss any relevant case law in reaching its conclusion. Therefore, the bankruptcy court's decision will be reversed regarding this question of law and the case will be remanded for action in accordance with this order.

### 2. Non-dischargeability Under 11 U.S.C. § 523(a)(6)

Appellant also raises the issue of whether attorney's fees incurred by an ex-spouse in post-dissolution proceedings regarding visitation and custody of a child is a non-dischargeable debt under 11 U.S.C. § 523(a)(6), which provides that a debt is non-dischargeable in bankruptcy if it is "for willful and malicious injury by the debtor" to a person or her property.

---

**3.** Section 523(a)(5) does not require specific designation of a debt as "support." *See* 11 U.S.C.

§ 523(a)(5); *see also In re Doe,* 93 B.R. at 613.

Because I have concluded that appellee's debt is non-dischargeable under § 523(a)(5) and am reversing the bankruptcy court's decision, it is not necessary to determine whether the debt is non-dischargeable under § 523(a)(6).

Accordingly, it is hereby ORDERED that:

1) the bankruptcy court's order of June 19, 1990 is reversed; and

2) this case is remanded to the bankruptcy court for action consistent with this order.