BOWMAN, Circuit Judge.
Karen Marie Zentz, a debtor seeking relief under Chapter 7 of the Bankruptcy Code, appeals from the order of the District Court[1] reversing the decision of the bankruptcy court[2] holding dischargeable in bankruptcy Zentz’s debt to her former husband, Terry Adams, for his attorney fees incurred in enforcing his parental rights with respect to their child.[3] We reverse.
Zentz and Adams were divorced in 1978. Pursuant to their divorce decree, Zentz was given general custody of Terri Lynn, the couple’s three-year old daughter. Adams was granted visitation and temporary custody on, specific days of the year, and was ordered to make child support payments to Zentz. In 1984 Adams filed a motion for modification of the divorce decree. At about the same time, Zentz began attempting to frustrate Adams's exercise of his visitation and custody rights. This she continued for the next three years, during which time Adams twice amended his motion for modification of the divorce decree.
In March 1988 Adams’s motion was granted. The Missouri court found that Zentz harbored deep hatred for Adams, that she had remarried and relocated without notifying him, that she had attempted to conceal the location of Terri Lynn, and that she continued to resist and otherwise frustrate Adams’s attempts at visitation and temporary custody. Accordingly, the court modified the original divorce decree to provide for joint custody of Terri Lynn, to shift temporarily to Adams the primary physical custody of Terri Lynn, to grant Zentz temporary custody and visitation rights, and to release Adams from his obligation to make support payments while he had primary custody of Terri Lynn. On November 4, 1988, after primary custody of Terri Lynn had been returned to Zentz, the court issued a memorandum order increasing Adams’s child support obligations, “[sustaining Adams’s] Motion for Attorney’s fees,” Zentz v. Adams, No. 782-784 (Mo.Cir.Ct. Nov. 4, 1988) (Memorandum For Clerk) reprinted in Appellant’s App. 3, 3-4, and ordering Zentz to pay Adams $7,500 “for and as Attorney’s fees.” Id. at 3, reprinted in Appellant’s App. at 4. Zentz then sought protection under Chapter 7 of the Bankruptcy Code.
In response, Adams filed with the bankruptcy court a complaint alleging that Zentz’s debt to him was nondischargeable either under 11 U.S.C. § 523(a)(5) (1988), as a debt to a former spouse in the nature of *199 support, or under 11 U.S.C. § 523(a)(6) (1988), as a debt for willful and malicious injury. The court rejected these arguments and ruled that Zentz’s debt to Adams was dischargeable. Adams then filed a motion for a new trial or an amendment of the bankruptcy court’s judgment. The court denied this motion. In doing so, it found that:
The fees incurred herein were not related to the financial “support” of the child. The fees were not really related to a custody battle which might have had some tangential relationship to the child’s health and welfare and could thus perhaps then be characterized “support.” Instead, the fees were a repercussion of Mr. Adams [sic] desire to enforce his rights against Ms. Zentz. The Court awarded attorney’s fees do not seem to be child support payments within the. meaning of § 523(a)(5).
Adams v. Zentz (In re Zentz), No. 89-42988-2 (Bankr.W.D.Mo. June 19, 1990) (Order Denying Motion for New Trial or to Amend Judgment) [hereinafter Bankruptcy Court’s Order], reprinted in Appellant’s App. 17, 19.[4] The court also rejected the section 523(a)(6) claim. Adams appealed.
On the question of the dischargeability of Zentz’s debt under section 523(a)(5), the District Court reversed. It reasoned that it is a question of law “whether attorney’s fees incurred by an ex-spouse in post-dissolution proceedings regarding visitation and custody of a child is a nondischargeable debt under 11 U.S.C. § 523(a)(5).” Adams v. Zentz, 127 B.R. 444 (W.D.Mo.1991) (Order Reversing Decision and Remanding Case to Bankruptcy Court) [hereinafter District Court’s Order], reprinted in Appellant’s App. 24, 29. Accordingly, upon de novo review, the Court found that Zentz’s debt to Adams is in the nature of support, and therefore nondischargeable,[5] because: (1) a majority of other bankruptcy courts have found attorney’s fees incurred in child custody litigation to be in the nature of support; (2) Missouri law defines custody and visitation rights in terms of the best interests of the child, and “it is reasonable to conclude ... that attorney’s fees awarded to a parent [pursuing the best interests of the child] constitute an inseparable element of the child’s ‘support,’ ” id. at 448, reprinted in Appellant’s App. at 32; (3) “[application of] § 523(a)(5) only to debts arising from the direct financial support of a child is an unrealistic and overly narrow construction of the statute,” id. at 448, reprinted in Appellant’s App. at 32-33; and (4) here “the attorney’s fees are indirectly related to the financial support of Terri Lynn.” Id. at 448, reprinted in Appellant’s App. at 33. Zentz appeals the decision of the District Court.
Section 523(a)(5) bars the discharge in bankruptcy of any debt “to a spouse, former spouse, or child of the debtor, for ... maintenance for[ ] or support of such spouse or child, in connection with a separation agreement, divorce decree, or other order of a court of record.” Section 523(a)(5). Whether a particular debt constitutes a maintenance or support obligation is an issue of federal, not state law. See Williams v. Williams (In re Williams), 703 F.2d 1055, 1056 (8th Cir.1983). Thus, a state law or divorce decree that characterizes a debt as a support obligation is not binding upon bankruptcy courts. See id. at 1057 (“bankruptcy courts are not bound by state laws that define an item as [a] maintenance or property settlement, nor are they bound to accept a divorce decree’s characterization of an award as maintenance or a property settlement.”). Accordingly, it is not dispositive that under Missouri law “child custody and visitation rights are determined according to the best interests of the child.” District Court’s Order at 9, reprinted in Appellant’s App. at 32.
Moreover, by “independently deter-min[ing] the [section 523(a)(5) ] issue,” District Court’s Order at 6, reprinted in Appellant’s App. at 29, the District Court ap *200 plied an improper standard of review. In deciding whether to characterize an award as maintenance or support “the crucial issue is the function the award was intended to serve.” Williams, 703 F.2d at 1057. This is a question of fact to be decided by the bankruptcy court. Cf. id. at 1057-58 (whether ex-husband’s agreement to pay ex-wife’s attorney’s fees in fact was intended as support is question of fact for bankruptcy court).[6] We therefore must accept, and the District Court should have accepted, the findings of the bankruptcy court on this issue unless they are clearly erroneous. Mickelson v. Leser (In re Leser), 939 F.2d 669, 671 (8th Cir.1991).
Under this standard, the reviewing court “[is] not entitle[d] ... to reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently.” Anderson v. City of Bessemer City, North Carolina, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985); see also Handeen v. LeMaire (In re LeMaire), 898 F.2d 1346, 1349 (8th Cir.1990) (en banc). Rather, “[a] finding is 'clearly erroneous’ when[,] although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.” United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948).
In this case, the bankruptcy court did not clearly err in finding that Zentz’s debt to Adams is not in the nature of support. At no point did it find that either parent posed a threat to Terri Lynn’s health or welfare, and in fact, it expressly noted that both parties “are fit and adequate parents.” Zant[sic] v. Adams, No. 872-0784 (Mo.Cir. Ct. March 28, 1988) (Findings of Fact and Conclusions of Law) [hereinafter Modification Order], reprinted in Appellant’s App. 5, 14 n. 1. Moreover, in modifying Adams’s and Zentz’s divorce decree, the Missouri trial court made numerous findings to the effect that Zentz sought to frustrate Adams’s custody and visitation rights and that she had succeeded in doing so.[7] Furthermore, in concluding that a change of primary custody was warranted, the court continued to focus, not upon how Terri Lynn's welfare was threatened by her loss of contact with her natural father, but rather upon how Zentz’s conduct had impaired Adams’s ability to maintain a relationship with his daughter. Id. at 8, reprinted in Appellant’s App. at 12.[8]
*201 We acknowledge that the record might plausibly be read to support a finding consistent with the conclusion reached by the District Court. Missouri custody and visitation laws generally are phrased in terms of the child’s best interests. See, e.g., Mo. Rev.Stat. § 452.375.2 (1986) (“The court shall determine custody in accordance with the best interests of the child.”); but cf. Mo.Rev.Stat. § 452.400.1 (1986) (non-custodial parent has right to visitation unless it endangers the child’s health or emotional development). In addition, in modifying Adams’s and Zentz’s divorce decree, the Missouri court did phrase some of its findings in terms of the best interests of Terri Lynn. See, e.g., Modification Order at 4, reprinted in Appellant’s App. at 8 (“It is in the best interest of the child ... that she develop and maintain a healthy and warm parental relationship with both ... parents.”). The issue, however, is not whether the record supports the de novo determination made by the District Court, but whether, considering the entire record, we are definitely and firmly convinced that the bankruptcy court’s findings are erroneous. We are not so convinced, and we therefore sustain as not clearly erroneous the finding of the bankruptcy court that Zentz’s debt to Adams is not in the nature of support. See Gypsum Co., 333 U.S. at 395, 68 S.Ct. at 541-42; see also Anderson, 470 U.S. at 574, 105 S.Ct. at 1511 (“Where there are two permissible views of the evidence, the factfinder’s choice between them cannot be clearly erroneous.”).
We do not consider Adams’s claim that Zentz’s debt to him arose in an action to recover damages for willful and malicious injury within the meaning of section 523(a)(6). The District Court did not reach this issue as it disposed of the case on the Section 523(a)(5) question, and the parties have not raised it in this appeal. The issue therefore is not before us.
For the reasons stated, the decision of the District Court that Zentz’s debt to Adams is nondischargeable under section 523(a)(5) is reversed and the case is remanded for further proceedings consistent with this opinion.

. Honorable D. Brook Bartlett, United States District Judge for the Western District of Missouri.

. Honorable Frank Koger, Chief Judge, United States Bankruptcy Court for the Western District of Missouri.

.The amount of this debt is $7,500 plus accrued interest.

. The court emphasized in a footnote that its findings on the section 523(a)(5) issue were findings of fact. Bankruptcy Court's Order at 3 n. 1, reprinted in Appellant’s App. at 19 n. 1.

. Accordingly, it did not reach the question of whether Zentz’s debt to Adams was a debt for a willful and malicious injury under section 523(a)(6).

. It is of no consequence that in Williams the debtor's obligation to pay his ex-spouse’s attorney’s fees was the product of an agreement whereas here the debtor’s obligation was created by a court order. It is the determination of intent that is factual in nature, cf. Williams v. Williams (In re Williams), 703 F.2d 1055, 1057-58 (8th Cir.1983), and regardless of how the obligation came into existence, in each case the bankruptcy court still had to determine the "function the award was intended to serve.” Williams, 703 F.2d 1055, 1057 (8th Cir.1983). Adams does not dispute this point. See Appel-lee’s Br. at 8 ("The question is ... whether the state court intended to create an obligation to provide support.”).

. Specifically, the court found that: in 1984 Zentz remarried and relocated without informing Adams of her new address, Modification Order at 2-3, reprinted in Appellant’s App. at 6-7; in 1986 Zentz relocated without informing Adams of her new address, id. at 3, reprinted in Appellant’s App. at 7; Zentz without just cause unilaterally terminated all of Adams's custody and visitation with Terri Lynn for a period of six months, id. at 3-4, reprinted in Appellant's App. at 7-8; “[Zentz] harbors a deep and passionate hatred of [Adams] which she has imparted to [Terri Lynn],” id. at 4, reprinted in Appellant's App. at 8; Zentz’s hatred toward Adams and interference with his rights intensified following his filing the motion to modify, id.; Zentz deliberately concealed Terri Lynn from Adams, id. at 5, reprinted in Appellant’s App. at 9; after she was located, Zentz "continued to make all attempts at visitation[ ] worrisome, expensive, and frustrating,” id.; ”[e]ven after the parties had worked out a consent order ... [Zentz] refused to abide by the same and continued to pursue her course of aggravating and frustrating Mr. Adams’ attempts at visitation and custody],]” id.; Zentz has displayed her hatred for Adams by “attemptfing] to extricate him from the life of his child,” id.; "[Zentz] has met with considerable success in her attempts to alienate the love and affection that Terri Lynn had previously shown her father and her grandmother ...,” id.; and “[Zentz] has met with great success in her campaign to extricate Terri Lynn from Mr. Adams’ affection and replace him with her present husband whom she encourages the child to view as her real father.” Id. at 6, reprinted in Appellant's App. at 11.

.The court concluded that:
The ongoing campaign by [Zentz] to frustrate Mr. Adams' attempts at visitation and *201 custody and to instill hatred and disrespect for him in the eyes of Terri Lynn, her efforts to extricate Mr. Adams completely from the life of his child and to replace him with her present husband, leave this court no other viable course than to find the foregoing to be a change in circumstances so severe and continuing as to require a modification of the primary custody of Terri Lynn.
Modification Order at 8, reprinted in Appellant's App. at 12.