980 F.2d 735
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
IN RE: Robert Henry RASMUSSEN, Debtor, Roberta Rasmussen, Appellee,
v.
Robert Henry Rasmussen, Appellant.
 No. 92-2385.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 1, 1992.
Filed: December 7, 1992.
 
 Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Robert Henry Rasmussen, a Chapter 7 debtor, appeals from the District Court's[1] affirmance of the Bankruptcy Court's[2] judgment that certain debts were not dischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(5) (1988). We affirm.
 
 
 2
 Robert Henry Rasmussen and Roberta Rasmussen were divorced in 1986. In a stipulation incorporated into the divorce decree, the couple agreed that Robert would pay the medical and dental bills of the couple's three minor children. The agreement to pay these bills was in addition to a monthly child support obligation. The Rasmussens also agreed that, upon the sale of the marital home, the couple would split any proceeds remaining after the payment of the note and mortgage and after capital improvements were deducted. Roberta later deeded her interest in the house to Robert in exchange for a $5000 judgment against him so that she could purchase her own house.
 
 
 3
 Robert filed a Chapter 7 bankruptcy in 1990. In this adversary action, Roberta sought a declaration that the $5000 judgment and debts incurred for the children's medical and dental expenses were nondischargeable under section 523(a)(5) because they were in the nature of alimony, maintenance, or support. Robert countered that these debts were dischargeable because they were in the nature of a property settlement.
 
 
 4
 This court reviews the findings of the Bankruptcy Court under the clearly erroneous standard. Hanson v. First Bank of S.D., N.A., 828 F.2d 1310, 1312 (8th Cir. 1987). Section 523(a)(5) bars the discharge in bankruptcy of any debt "to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record." 11 U.S.C. § 523(a)(5). The issue of whether a particular debt constitutes a maintenance or support obligation is a matter of federal, not state, law. Adams v. Zentz, 963 F.2d 197, 199 (8th Cir. 1992). "[B]ankruptcy courts are not bound by state laws that define an item as maintenance or property settlement, nor are they bound to accept a divorce decree's characterization of an award as maintenance or a property settlement." Williams v. Williams (In re Williams), 703 F.2d 1055, 1057 (8th Cir. 1983). In determining whether to characterize an award as support or as a property settlement, "the crucial issue is the function the award was intended to serve." Id. This is a question of fact to be determined by the Bankruptcy Court and must be affirmed unless clearly erroneous. Adams, 963 F.2d at 200.
 
 
 5
 We have carefully reviewed the record and conclude that the Bankruptcy Court did not clearly err in finding that these debts were nondischargeable.
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Donald J. Porter, Senior United States District Judge for the District of South Dakota
 
 
 [2]
 The Honorable Irvin N. Hoyt, Chief Judge, United States Bankruptcy Court for the District of South Dakota