Coe v. Johnson                           CV-92-500-B    05/10/93

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Cathy R. Coe

     v.                                 Civil No. 92-500-B

Peter A. Johnson, et al.


**O R D E R**


This Bankruptcy Court appeal arises from a December 16, 1987 state court Order issued in connection with the parties' divorce. Among other things, this Order obligated the debtor to make certain monthly payments to his former wife.  When the debtor later filed for bankruptcy, his former wife commenced a proceeding in Bankruptcy Court seeking a determination that the debtor's obligation to make the payments was a non-dischargeable obligation for "maintenance" or "support" within the meaning of 11 U.S.C. § 523(a)(5).[1]  The parties filed cross motions for

---

[1] 11 U.S.C. § 523(a) states in pertinent part:
A discharge under Section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt . . . to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with

summary judgment on the issue and the debtor appealed when the Bankruptcy Court granted his former wife's motion.

I.  Discussion

Bankruptcy Rule 7056, upon which the court's summary judgment ruling was based, incorporates Rule 56 of the Federal Rules of Civil Procedure.  Thus, in accordance with Rule 56(c), the Bankruptcy Court may not make determinations as to genuinely disputed material facts in a summary judgment motion.  See generally Clay v. EquiFax, Inc., 762 F.2d 952, 956 (11th Cir. 1985) ("the phrase 'findings of fact' is often loosely used in connection with Rule 56.  It is, however, a phrase singularly inappropriate because a premise of Rule 56 is that there is no genuine issue as to material facts. . . ."). Because the Bankruptcy Court must rule on a motion for summary judgment based on issues of law only, the District Court's review of a ruling on such a motion is plenary.  See In re G.S.F. Corp., 938 F.2d 1467,

state or territorial law by a governmental unit, or property settlement agreement, but not to the extent that . . . such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support. . . .

2

1474 (1st Cir. 1991).

In ruling on the cross motions for summary judgment in the present case, the Bankruptcy Court correctly applied federal law to the question of whether the debtor's obligation to his former wife was dischargeable in bankruptcy. In re Gianakas, 917 F.2d 759, 762 (3rd Cir. 1990); Adams v. Zentz, 963 F.2d 197, 199 (8th Cir. 1992). The court also correctly concluded that the dischargeability of a debt incurred in a divorce proceeding will depend in the first instance upon "whether the state court or the parties to the divorce intended to create an obligation to provide support through the assumption of the joint debts." Coe v. Johnson, Bk. No. 89-1125, slip op. at 12, (Bankr. D.N.H. July 24, 1992) (quoting In re Calhoun, 715 F.2d 1103, 1109 (6th Cir. 1983) (emphasis in original); see also Gianakas, 917 F.2d at 762; Adams, 963 F.2d at 200; Palm v. Palm, 1992 U.S. App. LEXIS 18025 *4 (10th Cir. 1992); Matter of Davidson, 947 F.2d 1294, 1296-97 (5th Cir. 1991).

The sole error in the Bankruptcy Court's carefully reasoned opinion is that it treated its inquiry into the intention of the state divorce court and the parties as raising a question of law rather than an issue of fact. As cases in other jurisdictions have recognized, the intention of the state court and the parties

3

in claims based upon 11 U.S.C. § 523(a)(5) is a fact to be found rather than a legal conclusion to be drawn. Adams, 963 F.2d at 200 ("In deciding whether to characterize an award as maintenance or support, 'the crucial issue is the function the award was intended to serve.' This is a question of fact to be decided by the bankruptcy court." (citation omitted)); In re Troup, 730 F.2d 464, 466 (6th Cir. 1984); see also Gianakas, 917 F.2d at 762.

Although the parties do not characterize their disagreement as a factual dispute, their arguments turn on the inferences that the Bankruptcy Court should draw from the evidence regarding the state divorce court's intentions. Thus, their arguments concern a disputed material fact which cannot be resolved through motions for summary judgment. Moreover, although I agree with the Bankruptcy Court's analysis of the issue, the conclusion it reached is not the only one which a rational finder of fact could reach from the evidence in this case. Accordingly, because the facts would reasonably permit a finder of fact to reach different conclusions with respect to the inferences which may reasonably be drawn from the evidence on the issue of intention, the court could not properly grant summary judgment to either party. See, e.g., Boston Five Cents Savings Bank v. Dept. of Housing, 768 F.2d 5, 8 (1st Cir. 1985).

4

II.  Conclusion

The Bankruptcy Court's order granting summary judgment to the appellee is vacated and the case is remanded to the Bankruptcy Court for further proceedings consistent with this order.[2]

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

May 10, 1993

cc:  Clerk, US Bankruptcy Court-NH
     John Rachel, Esq.
     Joseph Foster, Esq.
     Dennis Bezanson, Esq.
     Kenneth Churbuck, Esq.
     Edwinna Vanderzanden, Esq.

---

[2]In the interest of preventing unnecessary litigation on the subject, I note that if the case had been before me on the same record after appeal from a decision on the merits, I would not find that the Bankruptcy Court's findings on the issue of intention were clearly erroneous.

5