_____

No. 95-2285
_____

In re:  Karen Marie Zentz,            *
                                      *
        Debtor.                       *
                                      *
_____       *
                                      *
Terry Adams,                          *    Appeal from the United States
                                      *    District Court for the
        Appellant,                    *    Western District of Missouri.
                                      *
    v.                                *        [UNPUBLISHED]
                                      *
Karen Marie Zentz,                    *
                                      *
        Appellee.                     *


                            _____

            Submitted:  January 11, 1996

               Filed:  April 4, 1996
                            _____

Before BOWMAN, JOHN R. GIBSON, and MURPHY, Circuit Judges.
                            _____

PER CURIAM.


     Terry Adams appeals the decision of the District Court[1] affirming
the Bankruptcy Court,[2] which held that attorney fees awarded to Adams in
a post-dissolution proceeding to enforce child visitation rights against
his ex-wife, Karen Zentz, were dischargeable in Zentz's bankruptcy.  The
Bankruptcy Court specifically found that Zentz's attorney fee debt to Adams
was not

_____

        [1]The Honorable Elmo B. Hunter, United States District Judge
for the Western District of Missouri.

        [2]The Honorable Frank W. Koger, Chief Judge, United States
Bankruptcy Court for the Western District of Missouri.

a result of "willful and malicious" conduct by Zentz so as to be non-dischargeable under 11 U.S.C. § 523(a)(6), and the District Court affirmed this finding.  The facts and procedural history surrounding this case are reported in Adams v. Zentz, 963 F.2d 197 (8th Cir. 1992), and we need not repeat them here.

Having carefully considered the record, we conclude that no error of law or fact appears, and we affirm the judgment of the District Court for the reasons set forth in its well-reasoned opinion.  See 8th Cir. R. 47B.


A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.